# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MITUL PATEL, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. 1:19-cv-01409-MLB |
| v. | ) | |
| | ) | |
| BAILEYS BP SHOPPES, LLC, and | ) | JURY TRIAL DEMANDED |
| VIMAL PATEL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

## PLAINTIFF'S MOTION IN LIMINE

Plaintiff submits his Motion in Limine as follows:

## I.  FIRST MOTION IN LIMINE

### To Exclude Evidence of Plaintiff's Immigration Status

Defendants should be prohibited from introducing any evidence regarding

Plaintiff's immigration status. Plaintiff contends that Defendants violated the Fair

Labor and Standards Act of 1938 ("FLSA") by failing to pay overtime wages for

time that Plaintiff worked in excess of forty (40) hours in given workweeks.  (Am.

Compl. ¶ 22.) Defendants' Proposed Voir Dire Questions include questions relevant

to citizenship bias and immigration status. (DE 76, Attachment B-2, at 18). At trial,

it is anticipated that Defendants will attempt to argue or introduce before the jury

testimony or evidence regarding Plaintiff's immigration status or citizenship. Any

testimony or evidence on this matter is irrelevant to Plaintiff's claims and prejudicial, and should therefore be excluded.

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401(a) - (b). The Eleventh Circuit has made it clear that the FLSA protects citizens and undocumented aliens alike. *See Patel v. Quality Inn So., 846 F.2d 700, 706 (11th Cir. 1988)* ("Nothing in the FLSA suggests that undocumented aliens cannot recover unpaid minimum wages and overtime under the [FLSA], and we can conceive of no other reason to adopt such a rule. We therefore conclude that [Plaintiff] is entitled to the full range of available remedies under the FLSA without regard to his immigration status."). Plaintiff's claims under the FLSA and potential recovery in this case are unaffected by his immigration status – his immigration status does not have any tendency to make any material fact more of less probable. This Court should exclude evidence of Plaintiff's immigration status because it is not relevant.

Even if Plaintiff's immigration status has some degree of relevance in this case, evidence of such should still be excluded under Rule 403 because it is unfairly prejudicial. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of...unfair prejudice." Fed. R. Evid. 403. Testimony or evidence relating to Plaintiff's immigration status would be unduly

prejudicial to Plaintiff. "[C]ourts that have examined this issue have nearly unanimously found that defendants typically are not entitled to information related to the immigration status of plaintiffs seeking FLSA relief." *Rodriguez v. Niagara Cleaning Servs., Inc.*, No. 09-22645-CIV, 2010 U.S. Dist. LEXIS 70437, at *10 (S.D. Fla. June 24, 2010). *Rodriguez* relates to discovery; however, the basic premise remains the same: "the likely prejudice of allowing disclosure of the plaintiff's immigration status outweighs the benefits to the defendants, absent some particularized reason for the information." *Id.* at *3. Defendant cannot provide any particularized reason for introducing Plaintiff's immigration status as the claims and defenses in this case do not include and are not affected by his citizenship.

Plaintiff's immigration status is not relevant to this matter and would be unfairly prejudicial to Plaintiff. Therefore, Plaintiff respectfully asks this Court to exclude any evidence relating to Plaintiff's immigration status.

Respectfully submitted, this 3rd day of May, 2021.

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504

BARRETT & FARAHANY
1100 Peachtree Street N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
Severin@JusticeAtWork.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MITUL PATEL, | ) | |
| | ) | Civil Action |
|    Plaintiff, | ) | No. 1:19-cv-01409-MLB |
| v. | ) | |
| | ) | |
| BAILEYS BP SHOPPES, LLC, and | ) | JURY TRIAL DEMANDED |
| VIMAL PATEL, | ) | |
| | ) | |
|    Defendants. | ) | |
| | ) | |

_____

## CERTIFICATE OF SERVICE

I hereby certify that on this date I filed *Plaintiff's Motion in Limine* with the

Clerk of Court using the CM/ECF systen which will automatically send email

notification of such filing to all attorneys of record.

This 3rd day of May, 2021.

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
