IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MITUL PATEL,<br><br>    Plaintiff,<br><br>v.<br><br>BAILEYS BP SHOPPES, LLC and VIMAL PATEL<br><br>    Defendants. | Civil Action File No.<br>1:19-CV-01409-MLB |

### DEFENDANTS BAILEYS BP SHOPPES AND VIMAL PATEL'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE

COMES NOW Defendant Baileys BP Shoppes, LLC and Vimal Patel ("Defendant"), by and through undersigned counsel, pursuant to Federal Rules of Evidence 104(a) and Local Rule 16.6(B) NDGA, and files this Defendant's Motion in Limine, respectfully moving this Court, prior to trial and jury selection, to enter an Order excluding or limiting the testimony of Plaintiff Mitul Patel ("Plaintiff"), based on the following grounds:

1. During Plaintiff Mitul Patel's deposition, Plaintiff alleged that the Defendants engaged in illegal gambling at their place of business.

2. The Plaintiff's aforementioned allegation is irrelevant to the controversy

1

central to this matter as to whether Plaintiff was entitled to overtime and was paid overtime under the Fair Labor Standards Act.

3. As such, this irrelevant evidence is excludable pursuant to the Federal Rules of Evidence 401 and 402, which establish exclusions for irrelevant evidence.

4. Additionally, allegations of illegal gambling are inappropriate as character evidence.

5. Under the Federal Rule of Evidence 404, these allegations are inadmissible.

6. Furthermore, the Plaintiff's statement alleging illegal gambling is unfairly prejudicial to the Defendants because such pretrial comments admitted to evidence or spoken of in the form of live testimony before a jury would be both confusing and misleading to a jury, inducing unfair bias against the Defendants.

7. Therefore, this unduly prejudicial evidence should be excluded pursuant to the Federal Rule of Evidence 403 as well.

8. In support of this Motion, Defendants rely on Defendants' Memorandum of Law.

WHEREFORE, Defendant moves this Court for the following relief:

a) That the Court enters a Pretrial Order limiting testimony and the introduction of the deposition of Mitul Patel as requested;

b) That Plaintiff, Plaintiff's counsel, and Plaintiff's other witnesses be instructed to refrain from mentioning the excluded evidence during trial or to the jury at any time; and

c) That this Court awards such other relief that this Court deems just and proper.

Respectfully submitted this 4th day of May, 2021.

                                          KPPB LAW

                                          /s/ Roy Banerjee
                                          Roy A. Banerjee
                                          Georgia Bar No. 035917
                                          Blaine Allen
                                          Georgia Bar N0. 523818
                                          *Attorneys for Defendants*

One Lakeside Commons, Suite 800
990 Hammond Drive, NE
Atlanta, Georgia 30328
Telephone: (678) 443-2220
rbanerjee@kppblaw.com
ballen@kppblaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MITUL PATEL,<br><br>    Plaintiff,<br><br>v.<br><br>BAILEYS BP SHOPPES, LLC and VIMAL PATEL<br><br>    Defendants. | Civil Action File No.<br>1:19-CV-01409-MLB |

## DEFENDANTS BAILEYS BP SHOPPES AND VIMAL PATEL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND PREJUDICAL EVIDENCE

COMES NOW Defendant Baileys BP Shoppes, LLC and Vimal Patel ("Defendant"), by and through undersigned counsel, pursuant to Federal Rules of Evidence 104(a) and Local Rule 16.6(B) NDGA, and files this Defendant's Memorandum of Law in Support of its Motion in Limine, respectfully moving this Court, to enter an Order excluding or limiting the testimony of Plaintiff Mitul Patel ("Plaintiff"), based on the following grounds:

## INTRODUCTION

The central issue in this case is Plaintiff's contention that he was not paid overtime while working for the Defendants from approximately October 1, 2017

4

through March 1, 2019 as required under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq* (hereinafter the "FLSA"). Plaintiff's pretrial testimony that he resigned because Defendant allegedly engaged in an illegal gambling operation is immaterial to that contention.  This statement Plaintiff made during his deposition is not only irrelevant and inadmissible character evidence, but it would also unduly prejudice the jury against the Defendant because of the negative association with gambling. Under the Federal Rules of Evidence, such evidence is inadmissible; all trial testimony should be limited to exclude any mention of illegal gambling.  In order to promote justice through a fair and equitable trial, Plaintiff's counsel and witnesses should be instructed to abstain from mentioning such evidence during trial or to the jury at any time.

## **FACTUAL BACKGROUND**

In this matter, Plaintiff alleges that Defendants were noncompliant with the payment of overtime wages during Plaintiff's employment under the FLSA.

In Plaintiff's deposition, Plaintiff accuses Defendant of operating an illegal gambling operation. [Doc. No. 86].  Plaintiff accuses Defendant of giving away cash, rather than merchandise, in association with Georgia Lottery's coin operated amusement machines. *Id.*  Plaintiff alleges that this is the reason Plaintiff resigned from employment with the Defendant. *Id.*

## ARGUMENT AND CITATION TO AUTHORITY

The Federal Rules of Evidence provide, in relevant part, that "[t]he court must decide any preliminary question about whether […] evidence is admissible." Fed. R. Evid. 104 (a).  The Supreme Court has held that district courts have wide discretion to admit or prohibit evidence under the Federal Rules. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008).  In exercising such discretion, courts weigh irrelevancy and prejudice under Rules 401 and 403, respectively. *See id.*  Similarly, weighing factors in a Rule 404 character evidence analysis should also be considered in balancing relevancy and prejudice under Rule 403.  *Lanham v. Whitfield*, 805 F.2d 970, 972 (11th Cir. 1986).  The Supreme Court has held that "[r]elevance and prejudice under Rules 401 and 403 are determined in the context of the facts and arguments in a particular case, and thus are generally not amendable to broad per se rules."  *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. at 387.  Therefore, the Court should exclude the Plaintiff's testimony based on the circumstances within the context of the case.

**I.   Plaintiff's Gambling Allegations Are Irrelevant to the FLSA Controversy Because the Allegations Do Not Impact the Probability of the Material Facts and Are Not of Consequence to Determine the FLSA Claim.**

The Federal Evidence Rules of 401 and 402 work in tandem to define relevancy in evidence and exclude evidence that is irrelevant. *See Brown v. Davis*,

656 F. App'x 920, 922 (11th Cir. 2016).[1]  Federal Rule 401 provides that "[e]vidence is relevant if: **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the action." Fed. R. Evid. 401. Additionally, the Federal Rules bar evidence that deflects from the matter at issue, providing, "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

### A. The Plaintiff's Allegations of Illegal Gambling Do Not Make Any of the Facts of the FLSA Claim More or Less Probable Because the Allegations Are Not Related to the Theory of the Case.

Testimony that does not make the facts more or less probable is irrelevant. *Brown v. Davis*, 656 F. App'x at 922 (11th Cir. 2016) (a delay in medical attention did not impact the probability of the allegations of excessive force in a prison). Relevancy is not an inherent quality of evidence, but is a fact-based inquiry, dependent "on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. at 387-88 (2008) (holding that district courts are best positioned to consider the facts).

Allegations of illegal gambling do not make any of the facts regarding the

---

[1] This unreported case meets the requirements set forth in Federal Rules of Appellate Procedure 32.1: Citing Judicial Dispositions.

central issue of whether the Plaintiff was paid overtime any more or less probable. The allegations of illegal gambling have no connection to the overarching theory of the case, which is whether Plaintiff was paid overtime and whether the Plaintiff was an exempt employee under the FLSA. Accordingly, such allegations should be barred from discussion in open court or in front of a jury at any time.

### B. The Plaintiff's Gambling Allegations Are Inconsequential to Determine the FLSA Action Because Such Statements Are Unnecessary to Prove Any Element of any Claim or Defense.

More specifically, courts have held that when a statement or other evidence is unnecessary to prove any single element of a claim, then such evidence is irrelevant and not outcome determinative to the claim. *See Copeland v. Gulf Oil Corp.,* 672 F.2d 867, 870 (11th Cir. 1982) (where an established contract was controlling, regardless of any irrelevant statements made outside of the contract, and safety manuals were also irrelevant evidence because there was an absence of an essential element, causation, to connect the manual to injury).

A Plaintiff must prove the following elements under an FLSA claim: (1) Defendant employed the Plaintiff; (2) Defendant engaged in interstate commerce, covered by the FLSA; (3) Plaintiff worked in excess of forty hours per week; and (4) Defendant did not pay overtime wages to them. *See* 29 U.S.C. § 207(a).

Even if a Plaintiff proves the aforementioned elements, the executive

exemption defense is a complete bar to plaintiff's recovery under 29 U.S.C. § 213(a)(1).  Relevant to this defense are the following elements: (1) a salary threshold of at least $455 a week; (2) a primary duty of management; (3) regular direction of two employees; and (4) particular weight given to recommend hiring, firing, advancement, promotion, or status change of other employees. General Rule for Executive Employees, 29 C.F.R. § 541.100 (2004).

An alleged illegal gambling operation neither proves nor refutes any single element of the FLSA claim and is completely unnecessary information to determine the outcome of the case. None of the aforementioned elements relevant to the central issue in this case have anything to do with gambling allegations. Allegations as to improper payout in winnings from the coin operated amusement machines are completely immaterial to the payroll dispute, absent of any probative value, and cannot reasonably be tied to a single element of Plaintiff's FLSA claim or the Defendants' defense.  Because testimony of such allegations does not prove an element or answer the question presented, it should be excluded due to irrelevancy.

    **II.**  **The Gambling Allegations Constitute Character Evidence and Such Evidence is Impermissible in Civil Suits.**

Rule 404 (a)(1) provides that, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person

acted in accordance with the character or trait." Fed. R. Evid. 404. The Federal Rules permit few exceptions such as the use of character evidence within the scope of criminal trials and when necessary to establish the credibility of witnesses. *See* Fed. R. Evid. 404(2) & (3); *see also* Fed. R. Evid. 607, 608, & 609.

As a general rule, the Supreme Court has held that character evidence is never permissible in civil suits, except for in rare circumstances where character is central to the substantive nature of the action. *Thompson v. Bowie*, 71 U.S. 463, 471-72 (1866) (holding that testimony regarding the Defendant's habit to gamble while intoxicated was excludable because such testimony did not prove that the promissory notes central to the suit were given for a gaming debt); *see also* Fed. R. Evid. 405(b). Likewise, even though Rule 404(b) permits evidence of other wrongs when "probative of motive, opportunity, or intent," courts have only rarely admitted such evidence for permissible jury inferences "where conduct is closely analogous" to the conduct in the suit. *Holiday Wholesale Grocery Co. v. Philip Morris Inc.,* 231 F. Supp. 2d 1253, 1313 (N.D. Ga. 2002) (holding that comments about alleged anticompetitive acts in foreign markets were inadmissible in a domestic antitrust suit).

Plaintiff's illegal gambling allegations about the Defendant constitute nothing more than inadmissible character evidence. Plaintiff is attempting to

establish Defendant's character in a negative light by bringing up such allegations in front of a jury. Character evidence is immaterial to the substance of the FLSA claim and does not fit within the scope of any of the few rare exceptions provided by the Federal Rules. Therefore, any mention of this topic in court is prohibited.

### III. All Testimony That Refers to Gambling Should be Excluded at Trial Because It Is Unduly Prejudicial.

The Federal Rules of Evidence provide that even relevant evidence may be excludable if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see also Grayson v. K-Mart Corp.,* 849 F. Supp. 785, 791 (N.D. Ga. 1994) (where relevant evidence of each plaintiff's age discrimination claims were severed to prevent unfair prejudice to the defendant). The Supreme Court has held that a 403 analysis "requires a fact-intensive, context-specific inquiry" *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. at 388 (2008).

When irrelevant, negative allegations are discussed in open court, the evidence is excludable under Rule 403 because of the irreparable, prejudicial impact on a jury; such additional negative allegations that risk misleading the jury into confusing the issues are inadmissible because of the prejudicial effect to the defendants. *Brown v. Davis*, 656 F. App'x at 922 (11th Cir. 2016) (where officers

11

would be prejudiced by additional allegations of delayed medical treatment); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1260 (11th Cir. 2015) (where a jury could be misled by additional allegations of another party).

Generally, courts have held that references to other scandals are irrelevant, but even if relevant, such references are excluded by Rule 403. *United States v. Lepore*, No. 1:15-CR-367-WSD-JKL, 2016 WL 4473125, at *5 (N.D. Ga. Aug. 25, 2016)[2] (where references to other scandals could mislead a jury to believing such scandalous behavior was a consequence of doing business with the county). Further, conspiracy allegations do not suddenly become relevant merely because such allegations can persuade a jury by incorrectly appealing to wrongful inferences. *Holiday Wholesale Grocery Co. v. Philip Morris Inc.,* 231 F. Supp. 2d at 1271 (N.D. Ga. 2002) (antitrust case).

Irrelevant allegations lead to speculative and false inferences and should be omitted to justly determine the outcome of the FLSA claim. The Plaintiff's illegal gambling allegations are irrelevant and thus excludable by Federal Evidence Rules 401 and 404. However, even if the allegations were relevant, such testimony is excludable pursuant to the balancing test of Federal Rule 403. The Plaintiff's

---

[2] This unreported case meets the requirements set forth in the Federal Rules of Appellate Procedure 32.1: Citing Judicial Dispositions.

testimony regarding the gambling allegations is too unfairly prejudicial to the Defendant and will likely confuse as well as mislead the jury. Introducing irrelevant, and immaterial allegations about illegal gambling will not only distract the jury from deciding the relevant issues, but the introduction of such testimony is misleading to a jury. A gambling conspiracy theory wrongfully appeals to the formation of biased inferences, even among reasonable people. Since gambling is often viewed as a vice in itself, an allegation of an illegal gambling operation leads to speculative and fallacious reasoning about what else a Defendant may have done.

For example, if the Defendant is potentially guilty of gambling, then a jury may conjecture that Defendant is guilty of the FLSA claim as well. Even reasonable people, inherent with their biases, fall victim to these ad hominem, false causation, and emotional appeal tactics. Such irrelevant testimony does not become relevant through this faulty logic.

Introducing a theory of presumptive of guilt in violation of the FLSA because of other scandalous behavior, even if it were relevant to the employment context, would so unduly prejudice a jury and be completely void of any potential probative impact. Not only is such testimony unsubstantiated, but references to an alleged gambling scandal deflects from the issue at hand and prejudicially places

the jury's focus on any potential misplaced blameworthiness of the Defendant, rather than on the elements of the FLSA claim at issue.

Plaintiff's attempts to wrongfully distract, confuse, and mislead the jury to other irrelevant issues will unfairly prejudice the Defendant. Therefore, the Plaintiff's testimony should be limited only to the relevant issues, and neither Plaintiff's counsel nor witnesses should be permitted to refer to illegal gambling allegations at any time during trial whether upon direct examination, cross examination, or during closing arguments.

## **CONCLUSION**

The Plaintiff's testimony alleging illegal gambling is irrelevant and unduly prejudicial. For the foregoing reasons, Defendants respectfully request that this Court grant the Defendants' Motion in Limine to Exclude Improper and Prejudicial Evidence pursuant to the Federal Rules of Evidence 401, 402, 403, and 404. Accordingly, the Court should enter a Pretrial Order limiting testimony of Plaintiff Mitul Patel and prohibit Plaintiff's Counsel as well as other witnesses from any mention of such allegations at any time.

**[SIGNATURE ON NEXT PAGE]**

Respectfully submitted this 4th day of May, 2021.

                                      KPPB LAW

                                      /s/ Roy A. Banerjee
                                      Roy A. Banerjee
                                      Georgia Bar No. 035917
                                      Blaine Allen
                                      Georgia Bar No. 523818
                                      *Attorneys for Defendants*

One Lakeside Commons, Suite 800
990 Hammond Drive, NE
Atlanta, Georgia 30328
Telephone: (678) 443-2220
rbanerjee@kppblaw.com
ballen@kppblaw.com

## **CERTIFICATE OF COMPLIANCE**

This is to certify that the foregoing *DEFENDANTS BAILEYS BP SHOPPES AND VIMAL PATEL'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE, MEMORANDUM IN SUPPORT,* and accompanying *Certificate of Service* has been prepared with one of the font and point selections approved by the Court in LR 5.1., NDGA. The pleading and certificate were prepared using point size 14 in Times New Roman font and appropriate margins.

                                                            KPPB LAW

                                                            /s/ Roy A. Banerjee
                                                            Roy A. Banerjee
                                                           Georgia Bar No. 035917
                                                           Blaine Allen
                                                           Georgia Bar No. 523818
                                                           *Attorneys for Defendants*

One Lakeside Commons, Suite 800
990 Hammond Drive, NE
Atlanta, Georgia 30328
Telephone: (678) 443-2220
rbanerjee@kppblaw.com
ballen@kppblaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MITUL PATEL,<br><br>    Plaintiff,<br><br>v.<br><br>BAILEYS BP SHOPPES, LLC and VIMAL PATEL<br><br>    Defendants. | Civil Action File No.<br>1:19-CV-01409-MLB |

## **CERTIFICATE OF SERVICE**

I certify that I have on this day served a copy of the within and foregoing DEFENDANTS BAILEYS BP SHOPPES AND VIMAL PATEL'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE and accompanying MEMORANDUM IN SUPPORT upon all counsel of record by STATUTORY ELECTRONIC SERVICE to all counsel of record, who are as follows:

**Victor S. Roberts, Esq.;**
**Benjamin A. Stark, Esq.; and**
**Zachary Panter**
*Attorneys for Plaintiff*
**Barret & Farahany, LLP**
**1100 Peachtree Street, NE**
**Suite 500**
**Atlanta, Georgia 30309**
severin@justiceatwork.com
bstark@bf-llp.com
zachary@justiceatwork.com

**[SIGNATURE ON NEXT PAGE]**

This 4th day of May, 2021.

                                                  KPPB LAW

                                                  /s/ Roy A. Banerjee
                                                  Roy A. Banerjee
                                                  Georgia Bar No. 035917
                                                  Blaine Allen
                                                  Georgia Bar No. 523818
                                                  *Attorneys for Defendants*

One Lakeside Commons, Suite 800
990 Hammond Drive, NE
Atlanta, Georgia 30328
Telephone: (678) 443-2220
rbanerjee@kppblaw.com
ballen@kppblaw.com