IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MITUL PATEL, | ) | |
| | ) | **Civil Action** |
| Plaintiff, | ) | No. 1:19-cv-01409-MLB |
| v. | ) | |
| | ) | |
| BAILEYS BP SHOPPES, LLC, and | ) | **JURY TRIAL DEMANDED** |
| VIMAL PATEL, | ) | |
| | ) | **Conference is not requested.** |
| Defendants. | ) | |
| | ) | |

## JOINT PRETRIAL ORDER

### 1.

*There are no motions or other matters pending for consideration by the court except:*

Defendants' Motion to Amend their Answer [Doc. No. 59] remains pending. Defendants anticipate filing a Motion in Limine to Exclude Certain Testimony.

### 2.

*All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery.  (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.*

All discovery has been completed.

3.

*Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete and there is no question by any party as to the misjoinder or non-joinder of any parties.*

The names of the parties are correct.

4.

*Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)*

The Court has jurisdiction over all of Plaintiff's claims under 29 U.S.C. § 216(b) and 28 U.S.C. § 1332.

5.

*The following individually-named attorneys are hereby designated as lead counsel for the parties:*

Plaintiff:      V. Severin Roberts
                Barrett & Farahany, LLP
                1100 Peachtree Street, NE
                Suite 500
                Atlanta, Georgia 30309
                severin@justiceatwork.com


Defendant:      Roy Banerjee
                Kumar, Prabhu, Patel & Banerjee, LLC
                One Lakeside Commons, Ste. 800
                990 Hammond Drive, NE
                Atlanta, Georgia 30328
                rbanerjee@kppblaw.com

Other Parties: (specify) Not applicable.

6.

*Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR 39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.*

None.

7.

*The captioned case shall be tried:*

( X ) to a jury or

( ) to the court without a jury, or

( ) the right to trial by jury is disputed.

8.

*State whether the parties request that the trial to a jury be bifurcated, i.e., that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.*

The parties do not request that the trial to a jury be bifurcated.

9.

*Attached hereto as Attachment "A" and made a part of this Order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.*

10.

*Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.*

*Attached hereto as Attachment "B-2" are the general questions which defendants wish to be propounded to the jurors on voir dire examination.*

3

*The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.*

11.

*State any objections to plaintiff's voir dire questions*:

The parties respectfully request leave to submit any such objections no later than seven (7) days prior to the pretrial conference.

*State any objections to defendants' voir dire questions:*

The parties respectfully request leave to submit any such objections no later than seven (7) days prior to the pretrial conference.

12.

*All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes. Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).*

The parties do not request additional peremptory strikes.

Defendant requests 12 jurors, rather than a minimum of 6.

13.

*State whether there is any pending related litigation. Describe briefly, including style and civil action number.*

No pending related litigation exists.

14.

*Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by Plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.*

See Attachment "C"

15.

*Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.*

See Attachment "D."

16.

*Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate*

*fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.*

See Attachment "E."  The parties reserve the right to offer evidence on any of the stipulated facts.

17.

*The legal issues to be tried are as follows*:

**Plaintiff's List of Legal Issues to be Tried:**

1. Whether Plaintiff has shown, by a preponderance of the evidence, that Defendants suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without paying Plaintiff overtime compensation, calculated at one and one-half times his regular rate, for some or all of such hours.

**Defendants' List of Legal Issues to be Tried:**

1. This is a civil action brought by plaintiffs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. Plaintiffs allege the Defendants violated the FLSA through the failure to pay federally mandated overtime wages. However, the Defendant maintains there was no violation of the FLSA and assert the defenses herein listed under Attachment D.

18.

*Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendants, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.*

*All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.*

See Attachments.

19.

*Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the defendants, and "G-3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.*

*Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.*

*Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiffs exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.*

*Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.*

*Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial. Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.*

See Attached.

20.

*The following designated portions of the testimony of the persons listed below may be introduced by deposition.  Any objection to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.*

The parties respectfully request leave to provide these designations no later than 28 days (twenty-eight) days prior to trial.

The parties reserve the right to use deposition testimony for impeachment.

21.

*Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.*

The parties reserve the right to file trial briefs by the date, and subject to the limitations (if any) regarding format and length, established by the Court.

22.

*In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 am, on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.  Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.*

The parties will submit requests for charge as instructed.

23.

*If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.*

The parties respectfully request leave to submit their proposed special forms of submission to the jury for the Court's consideration, provided the parties cannot reach an agreement as to the form, no later than seven (7) days before the pretrial conference, or, if no pretrial conference is held no later than (7) days before trial.

24.

*Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.*

9

25.

*If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.*

Not applicable.

26.

*Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties met in person on _____, 20_____, to discuss in good faith the possibility of settlement of this case. The court ( ) has or (X ) has not discussed settlement of this case with counsel. It appears at this time that there is:*

_____ A good possibility of settlement.
_____Some possibility of settlement.
  X  Little possibility of settlement.
_____ No possibility of settlement.

27.

*Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of court.*

The parties respectfully request that the Court consider setting this case for a special setting.

28.

*The plaintiff estimates that it will require 2 days to present evidence.  The defendants estimate that it will require 2 days to present their evidence.  The other parties estimate that it will require N/A days to present their evidence.  It is estimated that the total trial time is 4 days.*

29.

*IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (__) submitted by stipulation of the parties or (__X__) approved by the court after conference with the parties.*

*IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pre-trial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.*

**SO ORDERED** this 1st day of July, 2021.



MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

*Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.*

Respectfully submitted this 25th day of February 2021.

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
Barrett & Farahany
1100 Peachtree Street NE
Suite 500
Atlanta, GA  30309
404.214.0120
severin@justiceatwork.com

*Attorney for Plaintiff*

11

_/s/ Roy Banerjee_
Roy Banerjee
Georgia Bar No. 035917
KPPB Law
990 Hammond Drive
Suite 800
Atlanta, GA  30328
678.443.2220
rbanerjee@kppblaw.com

_Attorney for Defendants_

Attachment A

1.      Does anyone know V. Severin Roberts?

2.      Does anyone know any employees of, ro has anyone or their immediate family worked for or been represented by Barrett & Farahany?

3.      Does anyone know Roy A. Banerjee?

4.      Does anyone know any employees of, o has anyone or their immediate family worked for or been represented by Kumar, Prabhu, Patel & Banerjee LLC?

5.      Does anyone know or has anyone ever met Mr. Mitul Patel?

6.      Does anyone know or has anyone ever met Mr. Vimal Patel?

7.      Does anyone know any of the following individuals who may be witnesses in this case:  Amanda Patel, Jia Patel, Bobby Patel, Melissa Hamrick, Mahefh "Mike" Desai, Tommy Johnson, Connie McElhenie, Latonya Sutton, Denish Patel, Latonia Sutton or Al Patel,

Attachment "B-1"

**Plaintiff's Proposed General Voir Dire Questions**

## I.   BIOGRAPHICAL

1.   What is your date of birth?

2.   What is your spouse's name? Children's names and ages?

3.   What is your occupation?

4.   What is your spouse's occupation?

5.   What is your highest level of education?

6.   What is your spouse's highest level of education?

7.   Besides matters involving divorce or custody cases, have you or a family member ever sued anyone? If so, please provide details.

8.   Have you of a family member ever been sued? If so, please provide details.

9.   Are you involved in any civic or volunteer organizations? If so, please tell us about them.

10.   Are you involved in a labor union or organization? If so, which union or organization?

11.   Do you have any current or prior employment history in the following:

   a.   Office work, for example secretarial, data entry, and or human resources;

14

b.      Fast food or restaurant industry;

c.      Law or the legal field;

e.      Management;

f.      Government standards or regulation

12.      If you were owed back pay or overtime pay and your employer refused to pay you, would you be inclined or not inclined to file a lawsuit because you are morally opposed to it?

13.     Have you or a family member ever thought you had good reason to sue, but decided against it? If so, please explain.

14.     Is there anything in your background or experience that could make you find for or against a company just because you would not want to hurt the company?

## II.     DESCRIPTION OF THE CLAIM

15.     There is a federal law known as the Fair Labor Standards Act. It is this law which requires many kinds of employers to pay their employees overtime pay for time spent working beyond 40 hours a week. In this case, the Plaintiff, Mitul Patel, contends that Defendants Bailey's BP Shoppes and Vimal Patel failed to pay him overtime for all hours that he worked over 40 in workweeks during his employment.

16.     Plaintiff contends that as a result of Defendants' failure to pay him proper overtime, Defendants violated federal law, the Fair Labor Standards Act.

17.    Defendants disagree with these contentions and will take the position that it did not violate the law in any respect.

18.    Does anyone feel that they would have trouble judging the facts of this case or being fair and impartial? If the facts show that Mr. Patel is owed wages because of Defendants' alleged failure to pay overtime, would you have any trouble compensating him for his losses?

### III.    LEGAL SYSTEM

19.    Has anyone on the panel, or any member of your family or close friend, ever filed a lawsuit or been sued?

20.    Has any member of the panel heard from any source that some people may abuse the legal system from time to time? What are your feelings about that? Would that affect you in any way in this case?

21.    Does any member of the panel believe that the civil justice system should be changed to limit the ability of employees to bring claims for unpaid wages owed to them if a Defendants violated the provisions Fair Labor Standards Act?

22.    Is there any member of the panel who would start this trial with even the slightest negative feelings about Plaintiff and his case, for any reason at all?

## IV.    SPECIFIC JUROR EXPERIENCE/EXPERTISE

23.    Some people have taken the position that lawmakers have gone too far in making laws that regulate the treatment of employees. Does anyone agree with that position?

24.    Have you or someone close to you ever filed a grievance or made a complaint against someone regarding your wage or salary? What did it involve? What was the outcome?

25.    Has anyone sat on a jury before? What kind of case? Did the jury reach a verdict? What was the verdict?

## V.    DAMAGES

26.    Does any member of the panel have either personal feelings, religious beliefs or other convictions which would interfere with your ability to award full and fair compensation to Mr. Patel in the event that you find the evidence supports an award of money damages?

27.    Does anyone believe that the amount of a verdict should not be above a certain set amount, even if the evidence supports a larger award?

Attachment "B-2"

## Defendants' Proposed Voir Dire Questions

### I.      QUESTIONS RELEVANT TO CITIZENSHIP BIAS

1. Does anyone here have an opinion about whether illegal immigrants should be allowed in the country?

2. Should an employer be allowed to hire illegal immigrants?

3. Who here has hired an illegal immigrant?

4. Who is offended by the term "illegal immigrant?" What term do you prefer? Why?

5. Would you give more weight to the evidence of an illegal immigrant or a documented worker?

6. Does anyone here speak Gujarati?

### II.      QUESTIONS RELEVANT TO EMPLOYMENT BIAS

7. Has anyone here ever held an ownership interest in a gas station or convenient store?

8. Has anyone here ever been in a supervisory position or a position to process payroll for hourly employees?

9. Have you ever paid employees in cash for a job?

10. Has anyone ever had to process a claim for unpaid overtime?

11. Have you ever supervised hourly employees who lied about their overtime hours?

12. Has anyone ever worked in an hourly position and received overtime?

13. Have you ever been paid cash for a job?

14. Has anyone here ever filed a claim for unpaid hours and/or overtime?

15. Has anyone ever falsified their work hours?

16. Who has ever worked with someone who tried to "game the system" in by falsifying their overtime records?

17. Who here has had a negative workplace experience in regards to any type of payroll grievance?

18. Would you give more weight to the evidence presented by an employer or an employee?

Attachment "C"

**Plaintiff's Succinct Outline of the Case**

## I.  OVERVIEW OF THE CASE

Mitul Patel ("Plaintiff") worked at Defendant Baileys BP Shoppes, LLC's gas station from approximately October 1, 2017 through March 1, 2019.  Plaintiff contends that he was not paid overtime premium compensation for hours worked in a given week in excess of forty (40). In particular, Plaintiff contends that he was paid his regular hourly rate for his overtime hours.

In this action, Plaintiff seeks to recover unpaid wages for the overtime hours and prejudgment interest thereon, as well as liquidated damages, attorneys' fees, and litigation costs. Pursuant to 29 U.S.C. § 216, Plaintiff seeks unpaid overtime wages in the amount of $33,940.44, and an equal amount in liquidated damages. Plaintiff seeks costs and attorneys' fees pursuant to 29 U.S.C. § 216. The total amount of attorneys' fees and costs Plaintiff seeks cannot be calculated until entry of judgment and completion of any post judgment fee petition briefing.

## II.   RELEVANT RULES, REGULATIONS, STATUTES, ORDINANCES AND ILLUSTRATIVE CASE LAW CREATING A LEGAL DUTY RELIED UPON BY PLAINTIFF

**Statutes:**

29 U.S.C. § 207(a) (1)

29 U.S.C. §§ 216(b), 260

**CASES:**

*Bailey v. TitleMax of Georgia, Inc.*, 776 F. 3d 797 (11th Cir. 2015)

*Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306 (11th Cir. 2007).

*Reich v. Dep't of Conservation and Nat. Res.*, 28 F.3d 1076 (11th Cir. 1994).

Attachment "D"

## **Defendants' Succinct Outline of the Case**

## I.   STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

*Plaintiff contends he was not paid overtime. Defendant disputes the Plaintiff's contention and argues that he was an exempt employee and that even if Plaintiff was not an exempt employee, Plaintiff received the proper amount of pay for his hours. During Plaintiff's employment, Plaintiff was promoted to shift manager of Defendant's business. As such, Plaintiff customarily and regularly directed the work of at least two people at many given times during his employment. During Plaintiff's time as a shift manager, Plaintiff was paid a weekly salary of $650.00. Defendants also frequently paid Plaintiff additional compensation as a bonus. As shift manager, Plaintiff had duties including but not limited to: ordering inventory for Defendant's business, setting the schedules of employees that worked during Plaintiff's shift, negotiating with vendors, and accepting or refusing inventory shipments to Defendant's business. Plaintiff also had the authority to terminate employees without consultation or input of Defendant and used that authority to terminate one of Defendant's employees.*

*Defendant Patel met with Plaintiff on May 15, 2019 to discuss settlement of the instant lawsuit. Following the execution of what Defendant Patel in good faith*

*believed was a settlement agreement on May 15, 2019, Defendant Patel wrote a check payable to Plaintiff for settlement of Plaintiff's claim on May 15, 2019 that Plaintiff then cashed on May 20, 2019.*

*Defendants have not instructed Plaintiff to falsely report his hours and do not have any knowledge of Plaintiff reporting hours falsely to Defendants.*

*While Plaintiff was an hourly employee, Defendants paid Plaintiff his regular rate for hours under forty (40) and paid the Plaintiff his regular rate plus half for hours worked in excess of forty (40) hours. During Plaintiff's time as a salaried employee, Plaintiff was consistently paid at least $ 650.00 for weeks that Plaintiff took no personal days off from work.*

## II.   RELEVANT RULES, REGULATIONS, STATUTES, ORDINANCES AND ILLUSTRATIVE CASE LAW CREATING A LEGAL DUTY RELIED UPON BY DEFENDANT

### **Regulations:**

1. 29 C.F.R § 541.100

2. 29 C.F.R. § 541.102

3. 29 C.F.R. § 541.602

4. 29 C.F.R. § 541.604(b)

5. 29 C.F.R. § 541.700

**<u>Statutes</u>:**

1. Section 13(a) and/or (b) of the FLSA, 29 U.S.C § 213(a) and/or (b).

**<u>Cases</u>:**

1. *Acs v. Detroit Edison Co.*, 444 F.3d 763, 768 (6th Cir. 2006)

2. *Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1340 (11th Cir. 1994) *Avery v. City of Talladega, Ala.*, 24 F.3d 1337, 1340 (11th Cir. 1994)

3. *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

4. *Buford v. Superior Energy Servs.*, LLC, No. 4:17-cv-00323-KGB, 2018 U.S. Dist. LEXIS 91690, at *28 n.2 (E.D. Ark. June 1, 2018)

5. *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984)

6. *Cox v. R.J. Schinner Co.*, No. 1:18-CV-04794-AT, 2020 WL 3400129, at *4 (N.D. Ga. Apr. 28, 2020)

7. *Goussen v. Mendez Fuel Holdings LLC*, 350 F. Supp. 3d 1283, 1287 n.2 (S.D. Fla. 2018)

8. *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625-26 (11th Cir. 2004)

9. *Johnson v. Landtek, Inc.*, No. 4:17-CV-191 (CDL), 2018 U.S. Dist. LEXIS 140508 (M.D. Ga. Aug. 20, 2018)

10. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

11. *Nevada v. United States Dep't of Labor*, 218 F. Supp. 3d 520, 534 (E.D. Tex. 2016)

Attachment "E"

## **Stipulated Facts**

1.  Defendant Bailey's BP Shoppes is a covered employer under the Fair Labor Standards Act.

2.  Defendant Vimal Patel is the owner of Defendant Baileys BP Shoppes LLC.

3.  Defendant Baileys BP Shoppes LLC is a private employer engaged in interstate commerce.

4.  Defendant Baileys BP Shoppes LLC had revenues exceeding $500,000.00 per year in 2017,2018, and 2019.

5.  Defendant Vimal Patel is involved in the day-to-day operations of Defendant Baileys BP Shoppes LLC.

6.  From October 1, 2017 to March 1, 2019, Defendant Baileys BP Shoppes LLC owned and operated the BP Gas Station located at 2536 Highway 81 S, Covington, GA 30016(the "Gas Station").

7.  Plaintiff Mitul Patel was an employee of Baileys BP Shoppes LLC from October 1, 2017 to March 1, 2019.

8.  During his employment, Plaintiff Mitul Patel was paid in cash for work he performed for Defendants.

9. During multiple weeks of Plaintiff's employment, Plaintiff worked more than 40 hours per week.

10. From October 1, 2017 to April 30, 2018, Plaintiff Mitul Patel was an hourly employee for Defendants.

11. Plaintiff Mitul Patel was entitled to overtime during his time as an hourly employee.

Attachment "F-1"

## **Plaintiff's "Will Call" Witnesses**

Mitul Patel
c/o V. Severin Roberts
Barrett & Farahany
1100 Peachtree Street NE
Suite 500
Atlanta, GA  30309
404.214.0120

Vimal Patel
c/o Roy Banerjee, Counsel for Defendant

## **Plaintiff's "May Call" Witnesses**

Amanda Patel
15 Berkshire Pass
Covington, GA  30016
470.330.0549

Jia Patel
2741 Heritage Bend Court
Grayson, GA  30017
404.992.5547

Bobby Patel
558 Loretta Way
Grayson, GA  30017
770.656.7659

Melissa Hamrick
67 Cowan Rd., Lott 11
Coving ton, GA  30016
404.438.7217

Mahefh "Mike" Desai
404.219.9768

Tommy Johnson
32 Shepherd Dr.
Covington, GA  30016
470.430.6394

Connie McElhenie
678.360.4153

Latonya Sutton
280 Stone Ridge way
Covington, GA 30016
706.476.2060

Denish Patel
5243 Riverside Drive, Apt. 1206
Macon, GA  31210
478.228.0977

Al Patel
2838 Green Estates Drive
Snellville, GA  30078
770.539.5523

Ebrahim Jesani
4574 Lawrenceville Hwy. NW, Ste. 101
Lilburn, GA  30047

Nilam Kansara
4574 Lawrenceville Hwy. NW, Ste. 101
Lilburn, GA  30047

Bhavin Patel
558 Loretta Way
Grayson, GA  30017

Marvin Walker
417 Greenleaf Rd.
Conyers, GA  30013

Antwan Boudrey
PO Box 554
Porterdale, GA  30070

Roger Shepherd
7512 Lee Rd.
Lithia Springs, GA  30122

Ricky Walker
678-773-2816

Danita Bailey
678-683-3600

Attachment "F-2"

## **<u>Defendants' "Will Call" Witnesses</u>**

1.      Vimal Patel

        c/o Roy Banerjee, Counsel for Defendant

2.      Mitul Patel

        c/o V. Severin Roberts. Counsel for Plaintiff

## **<u>Defendants' "May Call" Witnesses</u>**

1.      Ebrahim S Jesani

        Address: 4574, Lawrenceville Hwy NW, Ste 101, Lilburn, GA 30047

2.      Nilam Kansara

        Address: 4574, Lawrenceville Hwy NW, Ste 101, Lilburn, GA 30047

3.      Jia Patel

        Address: 2741 Heritage Bend Court, Grayson, Georgia 30017

4.      Bhavin Patel

        Address: 558 Loretta Way, Grayson, Georgia 30017

5.      Denish Patel

        Address: 5243 Riverside Drive, Apt. 1206, Macon, Georgia 31210

6.      Tommy Johnson

        Address: 32 Shepherd Dr., Covington, GA 30016

7.      Melissa Hamrick

        Address: 67 Cowan Rd, Lot 11, Covington, GA 30016

8.      Latonya Sutton

        Address: 280 Stone Ridge Way, Covington, GA 30016

9.      Mahesh Desai

        Address: 415 St. Ives Crossing, Stockbridge 30281

10.     Alpesh Patel

        Address: 2838 Green Estates Drive, Snellville, Georgia 30078

11.     Connie McElhenie

        Address: 1100 Stacia Dr. Covington, GA 30016

        678-360-4153

12.     Amanda Patel

        Address: 15 Berkshire Pass, Covington, GA 30016

13.     Marvin Walker

        Address: 417 Greenleaf Rd, Conyers, GA 30013

14.     Antwan L Boudrey

        Address: PO Box 554, Porterdale, GA 30070

15.     Roger Shepherd

        Address: 7512 Lee Rd, Lithia Springs, GA 30122

Attachment "G-1"

**Plaintiff's Exhibit List**

| Ex. # | Bates Start | Bates End | Pages | Description | Admitted | Denied |
|---|---|---|---|---|---|---|
| 1 | Patel001 | Patel009 | 9 | Business Licenses | | |
| 2 | Patel011 | Patel 155 | 144 | Text Messages | | |
| 3 | Patel0156 | Patel 156 | 1 | Pay Receipt | | |
| 4 | Patel 157 | Patel 158 | 2 | Photos of Store Repairs | | |
| 5 | Patel 159 | Patel 159 | 1 | Settlement Agreement Between Mitul and Vimal | | |
| 6 | Patel 160 | Patel171 | 11 | Shift Closeout Documents | | |
| 7 | Patel 172 | Patel233 | 61 | Times Cards | | |
| 8 | Patel234 | Patel234 | 1 | Vimal Time Summary for Amanda | | |
| 9 | Patel235 | Patel235 | 1 | Timecard | | |
| 10 | Patel236 | Patel236 | 1 | Amanda Patel W-2 2018 | | |
| 11 | Patel237 | Patel237 | 1 | Walmart Receipt | | |
| 12 | Patel238 | Patel315 | 77 | WhatsApp Chat with Vimal | | |
| 13 | Patel316 | Patel359 | 43 | Receipts | | |
| 14 | Patel 360 | Patel361 | | Spreadsheet Using Defendant's Time Records | | |
| 15 | | | | Plaintiff's Initial Disclosures | | |
| 16 | | | | Plaintiff's Amended Initial Disclosures | | |
| 17 | | | | Plaintiff's ROG Responses | | |
| 18 | CDUT-01 | CDUT-01 | 1 | Cashier Job Duties | | |
| 19 | DEPO-01 | DEPO-16 | 16 | Vimal Patel: 10-30-19 Deposition | | |
| 20 | VPRPD11-01 | VPRPD11-20 | | Employee Schedules | | |
| 21 | EMPCON-01 | EMPCON-01 | 1 | Employee Hiring Contract | | |

| 22 | MDUT-01 | MDUT-01 | 1 | Managers Job Duties | | |
|----|---------|---------|---|---------------------|---|---|
| 23 | VPRPD-NOT-01 | VPRPD-NOT-02 | 2 | Filed Notice of Settlement | | |
| 24 | VPRDPD6-01 | VPRDPD-05 | 5 | Payroll Log | | |
| 25 | Settle1 | Settle2 | 1 | Settlement Agreement | | |
| 26 | VPRPD4-001 | VPRPD4-130 | 130 | Timecards | | |
| 27 | | | | BP Shoppes ROG Responses | | |
| 28 | | | | Vimal Patel ROG Responses | | |
| 29 | | | | Defendant BP Shoppes' Initial Disclosures | | |
| 30 | | | | Defendant Vimal Patel's Initial Disclosures | | |
| 31 | | | | Verification of Vimal Patel | | |
| 32 | | | | Affidavit of Vimal Patel in Support of MTD | | |
| 33 | | | | Defendant BP Shoppes' Amended Initial Disclosures | | |
| 34 | | | | Defendant Vimal Patel's Amended Initial Disclosures | | |
| 35 | | | | Defendants' Answer | | |
| 36 | | | | Defendants' Proposed Amended Answer | | |
| | | | | | | |

Attachment "G-2"

## Defendants' Exhibit List

| Exhibit # | Bates Numbers |
|---|---|
| *Defendant Vimal Patel's Exhibits* | |
| Exhibit 1 | VPRPD4-001--VPRPD4-130 |
| Exhibit 2 | VPRPD6-001--VPRPD6-005 |
| Exhibit 3 | VPRPD-DEPO-0001--VPRPD-DEPO-0016 |
| Exhibit 4 | VPRPD-EMPCON-0001 |
| Exhibit 5 | VPRPD-SETTL-0001 |
| Exhibit 6 | VPRPD-SETTL-0002 |
| Exhibit 7 | VPRPD-CHK-0001--VPRPD-CHK-0002 |
| Exhibit 8 | VPRPD-NOT-0001--VPRPD-NOT-0002 |
| Exhibit 9 | VPRPD-CDUT-0001 |
| Exhibit 10 | VPRPD-MDUT-0001 |
| Exhibit 11 | VPRPD11-001--VPRPD11-020 |
| *Defendant Baileys BP Shoppes LLC's Exhibits* | |
| Exhibit 12 | VPRPD4-001--VPRPD4-130 |
| Exhibit 13 | VPRPD6-001--VPRPD6-005 |
| Exhibit 14 | VPRPD-DEPO-0001--VPRPD-DEPO-0016 |
| Exhibit 15 | VPRPD-EMPCON-0001 |
| Exhibit 16 | VPRPD-SETTL-0001 |
| Exhibit 17 | VPRPD-SETTL-0002 |
| Exhibit 18 | VPRPD-CHK-0001--VPRPD-CHK-0002 |
| Exhibit 19 | VPRPD-NOT-0001--VPRPD-NOT-0002 |
| Exhibit 20 | VPRPD-CDUT-0001 |
| Exhibit 21 | VPRPD-MDUT-0001 |

| | |
|---|---|
| Exhibit 22 | VPRPD11-001--VPRPD11-020 |
| *Plaintiff Mitul Patel's Exhibits* | |
| Exhibit 23 | Patel00001 |
| Exhibit 24 | Patel00002 |
| Exhibit 25 | Patel00003 |
| Exhibit 26 | Patel00004 |
| Exhibit 27 | Patel00005 |
| Exhibit 28 | Patel00006 |
| Exhibit 29 | Patel00007 |
| Exhibit 30 | Patel00008 |
| Exhibit 31 | Patel00009 |
| Exhibit 32 | Patel00010 |
| Exhibit 33 | Patel00011--Patel00012 |
| Exhibit 34 | Patel00013 |
| Exhibit 35 | Patel00014--Patel00041 |
| Exhibit 36 | Patel00042--Patel00043 |
| Exhibit 37 | Patel00044--Patel00047 |
| Exhibit 38 | Patel00048--Patel00049 |
| Exhibit 39 | Patel00050--Patel00051 |
| Exhibit 40 | Patel00052--Patel00053 |
| Exhibit 41 | Patel00054 |
| Exhibit 42 | Patel00055 |
| Exhibit 43 | Patel00056--Patel00057 |
| Exhibit 44 | Patel00058 |
| Exhibit 45 | Patel00059--Patel00060 |
| Exhibit 46 | Patel00061--Patel00062 |
| Exhibit 47 | Patel00063 |
| Exhibit 48 | Patel00064--Patel00066 |
| Exhibit 49 | Patel00067--Patel00068 |
| Exhibit 50 | Patel00069--Patel00071 |
| Exhibit 51 | Patel00072--Patel00075 |
| Exhibit 52 | Patel00076--Patel00078 |
| Exhibit 53 | Patel00079--Patel00081 |
| Exhibit 54 | Patel00082--Patel00155 |
| Exhibit 55 | Patel00156 |

| Exhibit 56 | Patel00157 |
|---|---|
| Exhibit 57 | Patel00158 |
| Exhibit 58 | Patel00159 |
| Exhibit 59 | Patel00160 |
| Exhibit 60 | Patel00161-Patel00162 |
| Exhibit 61 | Patel00163 |
| Exhibit 62 | Patel00164 |
| Exhibit 63 | Patel00165 |
| Exhibit 64 | Patel00166 |
| Exhibit 65 | Patel00167 |
| Exhibit 66 | Patel00168 |
| Exhibit 67 | Patel00169 |
| Exhibit 68 | Patel00170 |
| Exhibit 69 | Patel00171 |
| Exhibit 70 | Patel00172--Patel00216 |
| Exhibit 71 | Patel00217 |
| Exhibit 72 | Patel00218--Patel00233 |
| Exhibit 73 | Patel00234 |
| Exhibit 74 | Patel00235 |
| Exhibit 75 | Patel00236 |
| Exhibit 76 | Patel00237 |
| Exhibit 77 | Patel00238--Patel00240 |
| Exhibit 78 | Patel00241--Patel00261 |
| Exhibit 79 | Patel00262--Patel00282 |
| Exhibit 80 | Patel00283--Patel00305 |
| Exhibit 81 | Patel00306--Patel00315 |
| Exhibit 82 | Patel00316 |
| Exhibit 83 | Patel00317 |
| Exhibit 84 | Patel00318 |
| Exhibit 85 | Patel00319 |
| Exhibit 86 | Patel00320 |
| Exhibit 87 | Patel00321 |
| Exhibit 88 | Patel00322 |
| Exhibit 89 | Patel00323 |
| Exhibit 90 | Patel00324 |
| Exhibit 91 | Patel00325 |

| Exhibit 92 | Patel00326 |
| Exhibit 93 | Patel00327 |
| Exhibit 94 | Patel00328 |
| Exhibit 95 | Patel00329 |
| Exhibit 96 | Patel00330 |
| Exhibit 97 | Patel00331 |
| Exhibit 98 | Patel00332 |
| Exhibit 99 | Patel00333 |
| Exhibit 100 | Patel00334 |
| Exhibit 101 | Patel00335 |
| Exhibit 102 | Patel00336 |
| Exhibit 103 | Patel00337 |
| Exhibit 104 | Patel00338 |
| Exhibit 105 | Patel00339 |
| Exhibit 106 | Patel00340 |
| Exhibit 107 | Patel00341 |
| Exhibit 108 | Patel00342 |
| Exhibit 109 | Patel00343 |
| Exhibit 110 | Patel00344 |
| Exhibit 111 | Patel00345 |
| Exhibit 112 | Patel00346 |
| Exhibit 113 | Patel00347 |
| Exhibit 114 | Patel00348 |
| Exhibit 115 | Patel00349 |
| Exhibit 116 | Patel00350 |
| Exhibit 117 | Patel00351 |
| Exhibit 118 | Patel00352 |
| Exhibit 119 | Patel00353 |
| Exhibit 120 | Patel00354 |
| Exhibit 121 | Patel00355 |
| Exhibit 122 | Patel00356 |
| Exhibit 123 | Patel00357 |
| Exhibit 124 | Patel00358 |
| Exhibit 125 | Patel00359 |
| Exhibit 126 | Patel00360--Patel00361 |

Attachment "I"

**<u>Plaintiff's Proposed Special Verdict Form</u>**
**(To Be Submitted)**

**<u>Defendants' Proposed Special Verdict Form</u>**
**(To Be Submitted)**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MITUL PATEL, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. 1:19-cv-01409-MLB |
| v. | ) | |
| | ) | |
| BAILEYS BP SHOPPES, LLC, and | ) | JURY TRIAL DEMANDED |
| VIMAL PATEL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

_____

## **CERTIFICATE OF SERVICE**

I hereby certify that on the day, I filed the foregoing *JOINT PRETRIAL ORDER* with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to all attorneys of record.

This 25th day of February 2021.

*/s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504